IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| C. RAYMOND JONES, JR. a/k/a | § | |
| CLEOTIS RAYMOND JONES, JR., | § | |
| TDCJ No. 1107489, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:21-cv-1445-S-BN |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner C. Raymond Jones, Jr. a/k/a Cleotis Raymond Jones, Jr., a Texas prisoner, was convicted of capital murder in Dallas County and sentenced to a mandatory life sentence. *See State v. Jones*, No. F01-74866-KN (195th Jud. Dist. Ct., Dallas Cnty., Tex.); Dkt. No. 3 at 2. This conviction and sentence were affirmed in 2003, and Jones did not petition the Texas Court of Criminal Appeals (the CCA) for discretionary review. *See Jones v. State*, No. 05-02-00344-CR, 2003 WL 67994 (Tex. App. – Dallas Jan. 9, 2003, no pet.); Dkt. No. 3 at 3.

But Jones has filed three applications for state habeas relief. The CCA denied his first without written order on the trial court's findings without a hearing. *See Ex parte Jones*, WR-58,866-01 (Tex. Crim. App. July 28, 2004). And the CCA denied his second and third as subsequent writs under Texas Code of Criminal Procedure article 11.07, § 4. *See Ex parte Jones*, WR-58,866-02, -03 (Tex. Crim. App.).

Jones also previously petitioned this Court for federal habeas relief. In his first

filing in this Court, he merely sought an extension of time to file a brief in excess of 30 pages, a request that the Court denied, observing that Jones "does not have a habeas case pending in the Northern District of Texas." *Jones v. Dretke*, No. 3:04-cv-2759-L, Dkt. No. 3 (N.D. Tex. Jan. 11, 2005). And Jones's first actual application for a writ of habeas corpus under 28 U.S.C. § 2254 was denied without prejudice for want of prosecution under Federal Rule of Civil Procedure 41(b). *See Jones v. Dretke*, No. 3:05-cv-653-B, 2005 WL 1489923 (N.D. Tex. June 22, 2005), *rec. adopted*, 2005 WL 1337139 (N.D. Tex. Aug. 2, 2005).

These prior dispositions do not subject Jones's current Section 2254 application – filed on June 14, 2021, the date on which he certifies that he placed it in the prison mailing system,[1] *see* Dkt. No. 3 at 10 – to the successiveness bar imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), as neither prior disposition was an adjudication on the merits. *See, e.g.*, *Magee v. Kent*, Civ. A. No. 19-9487, 2019 WL 5430593, at *3 (E.D. La. Sept. 5, 2019) ("Magee's prior federal habeas petition was dismissed with prejudice for failure to prosecute under Fed. R. Civ. P. 41(b). A dismissal under this rule is considered an adjudication on the merits. FED. R. CIV. P. 41(b); *Nagle v. Lee*, 807 F.2d 435, 442-43 (5th Cir. 1987) (the merits adjudication under Rule 41(b) should be applied according to its terms). In addition,

---

[1] *See* RULE 3(d), RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS ("A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing."); *Uranga v. Davis*, 893 F.3d 282, 286 (5th Cir. 2018) ("We reaffirm that the operative date of the prison mailbox rule remains the date the pleading is delivered to prison authorities.").

the United States Supreme Court has held that under the rules of finality, a dismissal for failure to prosecute is 'a judgment on the merits.' *Plaut v. Spendthrift Farm*, 514 U.S. 211, 228 (1995) (citing *United States v. Oppenheimer*, 242 U.S. 85, 87-88 (1916)). In keeping with this precedent, the lower federal courts have consistently concluded that a dismissal <u>with prejudice</u> for failure to prosecute under Fed. R. Civ. P. 41(b) constitutes a dismissal on the merits for purposes of the AEDPA successiveness bar." (collecting cases; emphasis added)), *rec. adopted*, 2019 WL 5425482 (E.D. La. Oct. 23, 2019).

In this third Section 2254 petition, Jones argues that he is actually innocent and that his assertions of innocence are enough to overcome the AEDPA's statute of limitations. *See* Dkt. No. 3. The presiding United States district judge referred this petition to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the habeas application with prejudice as time barred under Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rule 4).

## Legal Standards

Under Habeas Rule 4, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district

> court has the power under [Habeas] Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes).

And the Court may exercise this power to summarily dismiss Jones's application with prejudice as time barred under Habeas Rule 4.

"[E]ven though the statute of limitations provision of the AEDPA is an affirmative defense rather than jurisdictional," a district court may dismiss a time barred Section 2254 application *sua sponte* under Habeas Rule 4. *Kiser*, 163 F.3d at 329. But, "'before acting on its own initiative' to dismiss an apparently untimely § 2254 petition as time barred, a district court 'must accord the parties fair notice and an opportunity to present their positions.'" *Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th Cir. 2010) (per curiam) (quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006); alteration to original).

Under the circumstances here, these findings, conclusions, and recommendation provide Jones fair notice, and the opportunity to file objections to them affords him a chance to present to the Court his position as to limitations concerns explained below. *See, e.g.*, *Ingram v. Director, TDCJ-CID*, No. 6:12cv489, 2012 WL 3986857, at *1 (E.D. Tex. Sept. 10, 2012) (a magistrate judge's report and recommendation gives the parties "fair notice that the case may be dismissed as time-barred, which [gives a petitioner] the opportunity to file objections to show that the case should not be dismissed based on the statute of limitation" (collecting cases)).

AEDPA establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The one-year limitations period is also subject to equitable tolling – "a discretionary doctrine that turns on the facts and circumstances of a particular case," *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), and only applies in "rare and exceptional circumstances," *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)). "[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes

two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Taking the second prong first, "[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam) (citation omitted). This "prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [the litigant's] control." *Menominee Indian Tribe*, 577 U.S. at 257.[2]

But "'[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.' What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (quoting *Holland*, 560 U.S. at 653; footnote omitted).

And, most applicable here, a showing of "actual innocence" can also overcome AEDPA's statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

---

[2] *See, e.g.*, *Farmer v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016) (per curiam) (holding that because "the FBI did not actually prevent Farmer or any other Plaintiff from filing suit" but instead "advised Farmer that filing suit would have been against the FBI's interest" and "that the RICO claims could be filed after the investigation concluded," "[a]ny obstacle to suit was ... the product of Farmer's mistaken reliance on the FBI, and a party's mistaken belief is not an extraordinary circumstance" (citation omitted)).

But the actual innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

That is, the petitioner's new, reliable evidence must be enough to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted)); *Acker v. Davis*, 693 F. App'x 384, 392-93 (5th Cir 2017) (per curiam) ("Successful gateway claims of actual innocence are 'extremely rare,' and relief is available only in the 'extraordinary case' where there was 'manifest injustice.' *Schlup*, 513 U.S. at 324, 327. When considering a gateway claim of actual innocence, the district court must consider all of the evidence, 'old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial.' *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotation marks and citations omitted). 'Based on this total record, the court must make "a probabilistic determination about what reasonable, properly instructed jurors would do."' *Id.* (quoting *Schlup*, 513 U.S. at 329). 'The court's function is not to

make an independent factual determination about what likely occurred, but rather to assess the likely impact of the evidence on reasonable jurors.' *Id.*" (citations modified)).

## Analysis

The timeliness of most Section 2254 applications is determined under Subsection A, based on the date on which the judgment became final. A state criminal judgment becomes final under AEDPA "when there is no more 'availability of direct appeal to the state courts.'" *Frosch v. Thaler*, No. 2:12-cv-231, 2013 WL 271423, at *1 (N.D. Tex. Jan. 3, 2013) (quoting *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009)), *rec. adopted*, 2013 WL 271446 (N.D. Tex. Jan. 24, 2013).

Jones did not file a petition for discretionary review (PDR). But he did obtain an extension of time from the CCA to file one. *See Jones v. State*, PD-0234-03 (Tex. Crim. App. Feb. 10, 2003). So the state capital murder conviction that Jones now challenges became final under the AEDPA "upon the expiration of the time for seeking further review through the filing of a PDR," *Phillips v. Quarterman*, No. 3:09-cv-1131-B, 2009 WL 1974302, at *2 (N.D. Tex. July 7, 2009) (citing *Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003)), "which, at the latest, was the CCA-extended deadline to file the PDR," *Salinas-Tinoco v. Davis*, No. 3:18-cv-1781-G-BN, 2018 WL 3979865, at *3 (N.D. Tex. July 25, 2018) (collecting cases), *rec. accepted*, 2018 WL 3973507 (N.D. Tex. Aug. 20, 2018). The extended deadline is not specified on the CCA's docket available online, but the CCA did observe that, as of June 23, 2003, Jones had not filed a PDR.

Jones arguably filed his first state habeas application within one year from that date. *See Ex parte Jones*, W01-74866-N(A) (195th Jud. Dist. Ct., Dallas Cnty., Tex.). But, even using the CCA's denial of this application on July 28, 2004, Jones's current federal petition is almost 16 years too late when measured under Subsection A. The application is therefore due to be denied as untimely absent statutory or equitable tolling of the limitations period or establishment of actual innocence.

As to actual innocence, Jones vaguely references evidence that he claims he first discovered in January 2019 "that shows his ineffective counsel allowed the State to convict a Actual Innocent men." Dkt. No. 3 at 19. He further argues that this evidence "shows the State had planned to Not only convict Applicant for these multiple crimes carried out by several suspects, but also proves the State went before a all white Grand jury Impanelment …." *Id.* at 29; *see also id.* at 33, 45 (unspecified evidence discovered in 2019 (possibly police reports) further shows that his co-defendants were not credible).

"'[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass [even if] the impediment is a procedural bar ... or ... expiration of the statute of limitations.'" *Hancock v. Davis*, 906 F.3d 387, 389 (5th Cir. 2018) (quoting *Perkins*, 569 U.S. at 386). But "a credible gateway 'claim [of actual innocence] requires [the] petitioner to support his allegations of constitutional error with new reliable evidence ... that was not presented at trial.'" *Id.* (quoting *Schlup*, 513 U.S. at 324). "Examples of 'new reliable evidence' are 'exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence.'" *Fratta v. Davis*, 889 F.3d 225, 232 (5th Cir.

2018) (quoting *Schlup*, 513 U.S. at 324).

And "'[t]he habeas court must [consider] the petitioner's innocence in light of all the evidence, including that alleged to have been illegally admitted ... and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial[,' and then] must 'make a probabilistic determination about what reasonable, properly instructed jurors would do' after considering all of the evidence." *Id.* (quoting *Schlup*, 513 U.S. at 328, 329; citation omitted).

As a result, "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Perkins*, 569 U.S. at 386 (quoting *Schlup*, 513 U.S. at 329).

> The Supreme Court has not explicitly defined what constitutes "new reliable evidence" under the *Schlup* actual-innocence standard…. [And the Fifth Circuit] "has yet to weigh in on the circuit split concerning what constitutes 'new' evidence." *Fratta*, 889 F.3d at 232….
> [But e]vidence does not qualify as "new" under the *Schlup* actual-innocence standard if "it was always within the reach of [petitioner's] personal knowledge or reasonable investigation." *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008). Consequently, though [the Fifth Circuit has] not decided what affirmatively constitutes "new" evidence, [it has] explained what does not.

*Hancock*, 906 F.3d at 389-90 (footnote omitted and citations modified).

Jones's vague arguments referencing evidence that he asserts was not discovered by him until January 2019 fall far short of new reliable evidence that may allow a petitioner to pass through the narrow actual-innocence exception to the AEDPA's statute of limitations.

And his conclusory showing also prevents the Court from finding that his current application may be timely under Subsection D, the factual predicate provision of the statute of limitations, which runs from "the date a petitioner is on notice of the facts which would support a claim, not the date on which the petitioner has in his possession evidence to support his claim." *In re Young*, 789 F.3d 518, 528 (5th Cir. 2015) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)).

When considering allegedly new evidence under this subsection, it matters when a habeas petitioner first knew of – or, through due diligence, could have discovered – "the vital or principal facts underlying [the] claims" supported by the "new evidence." *Vega v. Stephens*, No. 3:14-cv-551-P-BK, 2015 WL 4459262, at *3 (N.D. Tex. July 20, 2015) (defining "the factual predicate" as "the vital or principal facts underlying [a petitioner's] claims" (citing *McAleese v. Brennan*, 483 F.3d 206, 214 (3d Cir. 2007); *Rivas v. Fischer*, 687 F.3d 514, 535 (2d Cir. 2012))); *see also Blackman v. Stephens*, No. 3:13-cv-2073-P-BN, 2016 WL 777695, at *5 (N.D. Tex. Jan. 19, 2016) ("Under Section 2244(d)(1)(D), the applicable date is the date on which vital facts are first discovered, not when evidence to support those facts is first acquired."), *rec. accepted*, 2016 WL 759564 (N.D. Tex. Feb. 26, 2016); *cf. Christian v. Bracy*, No. 2:18-CV-652, 2019 WL 2314631, at *3 (S.D. Ohio May 31, 2019) ("The term 'factual predicate' in § 2244(d)(1)(D) refers to factual evidence and events, not legal conclusions.").

Jones fails to discuss when he first knew (or could have known) of the vital facts that he says are supported by the vague evidence he discusses in his petition

but fails to provide to the Court.

The Court should therefore dismiss the Section 2254 petition with prejudice as time barred.

## Recommendation and Directions to Clerk

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss Petitioner C. Raymond Jones, Jr. a/k/a Cleotis Raymond Jones, Jr.'s 28 U.S.C. § 2254 habeas application with prejudice. And the Court should direct that the Clerk of Court serve any order accepting or adopting this recommendation on the Texas Attorney General.

The Clerk shall serve electronically a copy of this recommendation and the petition, along with any attachments thereto and brief in support thereof, on the Texas Attorney General as counsel for Respondent, directed to the attention of Edward L. Marshall, Chief, Criminal Appeals Division, Texas Attorney General's Office. *See* RULE 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 17, 2021

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE