IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| C. RAYMOND JONES, JR. a/k/a | § | |
| CLEOTIS RAYMOND JONES, JR., | § | |
| TDCJ No. 1107489, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:21-cv-1445-S-BN |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner C. Raymond Jones, Jr. a/k/a Cleotis Raymond Jones, Jr., a Texas prisoner, was convicted of capital murder in Dallas County and sentenced to a mandatory life sentence. *See State v. Jones*, No. F01-74866-KN (195th Jud. Dist. Ct., Dallas Cnty., Tex.). This conviction and sentence were affirmed in 2003, and Jones did not petition the Texas Court of Criminal Appeals for discretionary review. *See Jones v. State*, No. 05-02-00344-CR, 2003 WL 67994 (Tex. App. – Dallas Jan. 9, 2003, no pet.).

More recently, Jones filed a third (but not successive) application for a writ of habeas corpus under 28 U.S.C. § 2254, through which he argues that he is actually innocent and that his assertions of innocence are enough to overcome the AEDPA's statute of limitations. *See* Dkt. No. 3. The presiding United States district judge referred this petition to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. And,

accepting the undersigned's recommendation, the Court dismissed Jones's habeas application with prejudice as time barred under Rule 4 of the Rules Governing Section 2254 Cases and denied him a certificate of appealability. *See* Dkt. Nos. 5, 7, 8; *Jones v. Dir., TDCJ-CID*, No. 3:21-cv-1445-S-BN, 2021 WL 3940635 (N.D. Tex. Aug. 17, 2021), *rec. accepted*, 2021 WL 3930724 (N.D. Tex. Sept. 1, 2021) (*Jones I*).

Jones now moves for reconsideration through a filing made less than 28 days after entry of judgment. *See* Dkt. No. 9.

"A motion asking the court to reconsider a prior ruling [that adjudicates all the claims among all the parties] is evaluated either as a motion to 'alter or amend a judgment' under [Federal Rule of Civil Procedure] 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under [Federal Rule of Civil Procedure] 60(b). The rule under which the motion is considered is based on when the motion was filed." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam) (citing *Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003)).

Because Jones filed his motion within 28 days of the Court's judgment, "the motion is treated as though it was filed under Rule 59." *Id.*

Applicable here, a Rule 59(e) motion timely filed, within 28 days of judgment, "'suspends the finality of the original judgment' for purposes of an appeal." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (quoting *FCC v. League of Women Voters of Cal.*, 468 U.S. 364, 373, n.10 (1984)). At this point, then, "there is no longer a final judgment to appeal from," and, "[o]nly the disposition of [the Rule 59(e)] motion

'restores th[e] finality' of the original judgment, thus starting the 30-day appeal clock." *Id.* (citations omitted); *see also United States v. Turner*, 1 F.3d 1237, 1993 WL 309703, at *1 (5th Cir. May 7, 1993) (per curiam) (A timely Rule 59(e) motion "nullifies the simultaneously-filed notice of appeal." (citing *Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 668-70 (5th Cir. 1986) (en banc))). Therefore, the Court's "ruling on the Rule 59(e) motion merges with the prior determination, so that the reviewing court takes up only one judgment." *Banister*, 140 S. Ct. at 1703 (citation omitted).

Rule 59(e) "is 'an extraordinary remedy that should be used sparingly.'" *Rollins v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)). And, while its text "does not specify the available grounds for obtaining such relief," the United States Court of Appeals for the Fifth Circuit

> has explained that Rule 59(e) motions "are for the narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence" – not for raising arguments "which could, and should, have been made before the judgment issued." *Faciane v. Sun Life Assurance Co. of Canada*, 931 F.3d 412, 423 (5th Cir. 2019) (quotation omitted). [The Fifth Circuit has] further noted that Rule 59(e) allows a party to alter or amend a judgment when there has been an intervening change in the controlling law. *See Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567-68 (5th Cir. 2003).

*Id.*; *accord Demahy*, 702 F.3d at 182.

Controlling law has not changed since the Court entered judgment. And Jones presents no newly discovered evidence. But he does appear to seek Rule 59(e) relief claiming that the Court applied the wrong legal standard to his actual innocence assertions. *See* Dkt. No. 9 at 1-2 ("Petitioner would show that this Court has adopted

the Findings of the Magistrate Judge who urged this Court to use a Standard for New Discovered Evidence as defined by AEDPA standards, which the petitioner Actual Innocence claims do not fall under these standards. The Magistrate Judge stated that the 5th Circuit is undecided on this issue but in *Finley v. Johnson*, 243 F.3d 215 (5th Cir. 2001)[,] The Fifth Circuit while not holding this was the standard of review," "applied the Newly Discovered Evidence as not being sufficient to be 'Newly Presented' standard of review over the 'Newly Discovered' standard under AEDPA standards. This should be the Standard of review for petitioners 2254.").

Jones is not correct insofar as he believes that the Court applied AEDPA to his actual innocence assertions. Instead, as the Court explained, "a showing of 'actual innocence' can also <u>overcome</u> AEDPA's statute of limitations." *Jones I*, 2021 WL 3940635, at *3 (emphasis added; citing *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)). "But the actual innocence gateway is only available to a petitioner who presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* (quoting *McQuiggin*, 569 U.S. at 401 (quoting, in turn, *Schlup v. Delo*, 513 U.S. 298, 316 (1995))). And, unfortunately for Jones, his "vague arguments referencing evidence that he asserts was not discovered by him until January 2019 fall far short of new reliable evidence that may allow a petitioner to pass through the narrow actual-innocence <u>exception to</u> the AEDPA's statute of limitations." *Id.* at *5 (emphasis added).

The authority Jones cites, *Finley*, in the analogous context of overcoming a

procedural default, is consistent with the Court's consideration of his actual innocence assertions:

> The miscarriage of justice exception to the procedural default doctrine requires "'factual innocence and not mere legal insufficiency.'" *United States v. Jones*, 172 F.3d 381, 384 (5th Cir.1999) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). To establish the requisite probability he was actually innocent, Tenny must support his allegations with new, reliable evidence that was not presented at trial and must show it was "more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Examples of new, reliable evidence that may establish factual innocence include exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, and certain physical evidence. *See id.* at 324. A showing of facts which are highly probative of an affirmative defense, which if accepted by a jury would result in the defendant's acquittal, constitutes a sufficient showing of "actual innocence" to exempt a claim from the bar of procedural default. *Finley v. Johnson*, 243 F.3d 215 (5th Cir.2001).

*E.g.*, *Tenny v. Cockrell*, 420 F. Supp. 2d 617, 625 (W.D. Tex. 2004); *accord McGowan v. Thaler*, 675 F.3d 482, 499-500 (5th Cir. 2012).

In sum, because Jones fails to show that the Court must correct a manifest error of law or fact, the Court should deny his construed Rule 59(e) motion.

## Recommendation

The Court should deny the Motion for Reconsideration filed by Petitioner C. Raymond Jones, Jr. a/k/a Cleotis Raymond Jones, Jr. [Dkt. No. 9] under Federal Rule of Civil Procedure 59(e).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV.

P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 17, 2021

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE